UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:13-cv-22465-MGC

MYRNA NIEVES,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.

    Defendants.
_____/

**DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S**
**RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

COMES NOW, DIVERSIFIED CONSULTANTS, INC.'s, Defendant, in the above-styled action and files this its RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM, as follows:

**Statement of Facts**

Diversified Consultants, Inc., ("DCI") is a license debt collection agency located in Jacksonville, Florida, to which it primarily seeks collection of past due telephone and cellular accounts for various creditors. Plaintiff asserts that on multiple occasions that DCI attempted to contact the Plaintiff on her cellular telephone number ending in 1805 utilizing an automatic telephone dialing system without prior express consent in violation of the Telephone Consumer Protection Act. ("TCPA") Plaintiff also asserts that DCI was attempting to contact a "third party" and seeks $500.00 per call, and requests tremble damages of up to $1500 per call as damages. Defendant, DCI denies the allegations and based on the information cellular telephone information provided by Plaintiff's counsel, DCI has conducted a diligent search of its call

records to locate the identity of the account and determine how many, if any, calls were made by DCI to the telephone number provided by the Plaintiff.

## Affirmative Defenses and Denials of Liability

First, based on the information provided by the Plaintiff as to the purported cellular telephone number, DCI can't locate any outbound calls for the telephone number provided by the Plaintiff ending in 1805.  A search of the subject number from November 1, 2012 until July 18, 2013 revealed that only five (5) <u>inbound</u> calls were received from that telephone number.  Next, Plaintiff has provided no evidence that she is the subscriber of the subject number or that the number is even a wireless or cellular telephone number as required under the TCPA.  Also, Plaintiff has failed to demonstrate the DCI communicated with the Plaintiff utilizing an automatic telephone dialing system ("ATDS") as defined by the TCPA.  Finally, DCI has raised the defense of "prior express consent" in this matter but discovery is out-going to even determine the accurate identity of the subject call.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief request by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of August, 2013.

*/s/ Ernest H. Kohlmyer, III*
ERNEST H. KOHLMYER, III
Florida Bar No.  0110108

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on August 15, 2013, via the Court Clerk's CM/ECF system which will provide notice to the following: Erik Kardatzke, Esquire of the law firm Debt Defense, P.L. – A Law Firm at service@debtdefenselaw.com.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar Number: 0110108
URBAN, THIER, FEDERER & CHINNERY, P.A.
200 South Orange Avenue, Suite 2000
Orlando, Florida 32801
Telephone (407) 245-8352
Facsimile (407) 245-8361
kohlmyer@urbanthier.com
Attorneys for Defendant